# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**ARVIL L. ABELL, JR.,**
                **Plaintiff**

v.                                                      Civil Action No.
                                                      3:06CV53-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                **Defendant**

## MEMORANDUM OPINION

      This case presents plaintiff Arvil Abell's challenge to the decision of the Commissioner denying his claim to Disability Insurance Benefits and Supplemental Security Income payments. After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

      Mr. Abell filed his application in June of 2003, alleging that he had been unable to engage in any substantial gainful employment since January 15, 2003. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Abell's hypertension and chronic obstructive pulmonary disease were severe impairments that prevented him from performing any of his past relevant work. However, the ALJ further found that Mr. Abell retained the residual functional capacity for a significant range of light work.

      If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

  Mr. Abell contends that the ALJ erred as a matter of law in failing to explore his mental difficulties. He suggests that the mental problems should have been apparent to the ALJ at the hearing because of the rambling and disjointed nature of his testimony, and points to a diagnosis of Attention Deficit Disorder submitted to the Appeals Council. The District Court is prohibited from considering material that was not before the ALJ. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). While several courts have criticized Cotton (see, O'Dell v. Shalala, 44 F.3d 855 (10th Cir. 1994), Mackey v. Shalala, 47 F.3d 951 (8th Cir. 1995), Perez v. Chater, 77 F.3d 41 (2d Cir. 1996), it remains authoritative in this Circuit. As the Appeals Council considered the new evidence submitted in February 2005, but declined to review the decision (Tr. 5-8), this Court is prohibited from considering that diagnosis "in deciding whether to uphold, modify, or reverse the ALJ's decision." Cline v. Commissioner, 96 F.3d 146, 149 (6th Cir. 1996).

  Thus, we must proceed without regard to the materials submitted to the Appeals Council, and the sole question is whether the record, as it stood at the time of the ALJ's decision, established the existence of a mental impairment. An impairment is established by medical evidence. The record at the time of the decision contained no medical evidence of a mental impairment, and it would be altogether inappropriate for an ALJ to attempt a medical diagnosis on the basis of her or his perception of the claimant's behavior at the hearing. There is nothing

to prevent Mr. Abell from filing a separate application, relying on all currently established impairments, but the record as it stood at the time of decision did not show a mental impairment. Thus, the ALJ did not err in failing to investigate the existence of such an impairment.

Mr. Abell also objects that substantial evidence fails to support the finding that he can sit for an unlimited time. He testified that sitting "doesn't really bother" him, but that he is so nervous that he can't keep his mind on it. Tr. 210. Such "nervousness" was not established as an impairment, indicating that Mr. Abell's disinclination to sit is a matter of preference, not of compulsion. There is no evidence suggesting any limitation on his ability to sit.

Neither is there any problem with the ALJ's notation that Mr. Abell indicated he could lift 50 pounds. Mr. Abell testified, "I could probably pick up to 50 pounds if I just keep picking it up. If didn't have to walk around with it. What kills me is to walk with it." Tr. 211. In posing a hypothetical to the vocational expert, the ALJ tracked this testimony: "Lifting, can lift 50 repetitively but is very limited to no carrying because of breathing." Tr. 220.

Mr. Abell objects to the determination that his standing, sitting, lifting as described to the vocational expert could be sustained for eight hours a day. Plaintiff states that the ALJ failed to take into consideration "medical evidence that clearly shows the Claimant cannot perform any of these activities for eight hours a day." Plaintiff's Brief at 6. Unfortunately, however, Mr. Abell does not direct the Court's attention to any such evidence. In contrast, there is medical opinion of record indicating that Mr. Abell is capable of substantial work (which necessarily includes an eight hour per day duration) at the medium level. Tr. 104, 117.

As plaintiff has not identified any error of law and substantial evidence supports the findings of the Commissioner, the decision will be affirmed.